UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>MARK ANTHONY STEPHERON,<br><br>Defendant(s). | Case No.2:25-CR-13  JCM (BNW)<br><br>ORDER |

Presently before the court is defendant Mark Stepherson's brief addressing the alleged new law violation in probation's petition to revoke his supervised release. (ECF No. 18). The government filed a response (ECF No. 20), to which defendant replied. (ECF No. 21).

Probation filed a petition to revoke defendant's supervised release on February 11, 2025. (*See* ECF No. 6). Among the violations is a new law violation.[1] (*Id*.). Defendant is alleged to have committed the following crimes: (1) residential burglary in violation of NRS 205.060.1A; (2) live from earning of prostitute in violation of NRS 201.320.1B; (3) sex trafficking of adult in violation of NRS 201.300.2B1; and (4) facilitate sex trafficking victim in violation of NRS 201.301. (*Id*.). Defendant contends that the state prosecutor dismissed that case because the alleged victim refused to cooperate. (ECF No. 18 at 2).

Individuals on supervised release have the right to confront adverse witnesses during revocation hearings. *See United States v. Hall*, 419 F.3d 980, 985 n.4 (9th Cir. 2005). "[A] due process standard is used to determine whether hearsay evidence admitted during revocation proceedings violates a defendant's rights." *Id.* at 985.

---

[1] The revocation hearing is set for April 11, 2025, at 10:30 AM. (ECF No. 19).

Thus, before admitting hearsay evidence, "the court *must* weigh the releasee's interest in his constitutionally guaranteed right to confrontation against the [g]overnment's good cause for denying it." *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999) (emphasis added). "The weight to be given the right to confrontation … depends on two primary factors: the importance of the hearsay evidence to the court's ultimate finding and the nature of the facts to be proven by the hearsay evidence." *Id*.

Defendant argues that the government must produce the alleged victim of the new law violation or provide good cause for why it should not. (*Id*. at 1). He argues that the new law violation is based entirely on the allegations of the alleged victim. (*Id*. at 8). Moreover, defendant contends that the government's evidence—text messages from the victim to defendant—make sense only in the context of her statements, which are unsworn verbal allegations.[2] (*Id*. at 9).

Here, the court finds that defendant's interest in his right to confrontation is strong. The evidence in this matter is critical to resolving the new law violation. Thus, the court must weigh this interest with the government's good cause for denying it.

The government argues that good cause exists to deny defendant's right to confrontation because the parties have failed to secure her presence at the revocation hearing. (ECF No. 20 at 3). Providing substitutes such as affidavits, depositions, and documentary evidence, weighs in favor of good cause. *See United States v. Martin*, 984 F.2d 308, 313 (9th Cir. 1993). The Ninth Circuit has held that difficulty involved in procuring a witness constitutes good cause where the government provides a substitute for live testimony. *See id*.

Moreover, good cause exists where a witness refuses to testify out of fear or retaliation by a defendant. *See id*. Good cause does not exist where a witness is available to the government, is in contact with the defendant, and the government fails to provide any explanation for not producing her. *See, e.g., Comito*, 177 F.3d at 1172.

Here, the probation officer's attempts to secure the alleged victim's presence at the hearing were unsuccessful. (ECF No. 19 at 3). Defendant's investigator was also unable to contact the

---

[2] The government's evidence also includes body camera footage recorded by the officers who responded to the alleged victim's 9-1-1 call. (ECF No. 20 at 2).

1  alleged victim. (*Id*.). Moreover, defendant provides that on information and belief, the prosecutor
2  dismissed defendant's state charges because the alleged victim refused to cooperate. (*Id*. at 2).
3  Thus, the court finds that good cause exists for denying defendant's right to confrontation.
4      Importantly, the Ninth Circuit has found that a district court does not violate a defendant's
5  right to confrontation when it allows the government to submit hearsay evidence like the evidence
6  in this matter. *See United States v. Pranzetti*, No. 23-3521, 2025 WL 429861, at *1 (9th Cir. Feb.
7  7, 2025). In *Pranzetti*, the evidence included the victim's text messages and body camera footage
8  of a witness's interview. *Id*.
9      Here, the government also relies on text messages between the alleged victim and
10 defendant, and body camera footage of the alleged victim. (ECF No. 20). Therefore, the court
11 finds that the government need not produce the alleged victim at the hearing.
12     Accordingly,
13     IT IS HEREBY ORDERED that the government need not produce the alleged victim at
14 the revocation hearing set for Friday, April 11, 2025, at 10:30 AM, in LV courtroom 6A.
15     DATED April 7, 2025.

_____
UNITED STATES DISTRICT JUDGE